UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFA CONSULT SA,<br><br>    Plaintiff,<br><br>v.<br><br>TCI INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 21-cv-00812-BLF (SVK)<br><br>**ORDER ON JOINT DISCOVERY SUBMISSION**<br><br>Re: Dkt. No. 58 |

    Before the Court is the Parties' Joint Submission regarding discovery disputes, wherein Plaintiff Alfa Consult SA ("Alfa") seeks an order compelling a further Rule 30(b)(6) deposition of defendant TCI International, Inc. ("TCI"). Dkt. 58 at 1-4. Plaintiff also seeks an order that it has not waived objections to written discovery due to missing the response deadline by two days. *Id*. at 4-5. Defendant seeks an order that Plaintiff has waived objections to written discovery due to the missed deadline and the assertion of boilerplate objections and conditional responses. *Id*. at 8-9. Defendant also complains of incomplete responses. *Id*. at 10. Fact discovery in this matter closed on February 1, 2023, and trial is set for January, 2024. The Court has reviewed the file and relevant law and determines these disputes may be resolved without oral argument. Civ. L.R. 7-1(b).

    **1.   Further Rule 30(b)(6) deposition of Defendant TCI**

    Plaintiff Alfa seeks a further three-hour deposition of Defendant TCI to address Topics 16-23 in the operative Rule 30(b)(6) notice. Dkt. Nos. 58 at 1; 58-2. The notice was properly served, and Defendant TCI raised objections to which Alfa responded. Dkt. Nos. 58 at fn. 1; 58-3. The deposition proceeded on the unobjectionable topics. Dkt. 58 at fn. 1. The 30(b)(6) witness was unable to address the disputed topics. Dkt. 58 at 4. There is no indication in the record before the Court that Alfa waived its right to pursue the objected to topics once the objections were resolved.

1  Rather, Defendant TCI argues that the disputed topics have been addressed by individual, but not
2  30(b)(6), witnesses. *Id*. at 6. Defendant also argues that because the topics were addressed in
3  interrogatories and document requests, they need not be addressed in deposition. *Id*. at 7.
4        On this record, Defendant's objections to the further Rule 30(b)(6) deposition are not well-
5  founded. The topics are relevant to allegations in the operative Complaint, and Plaintiff is entitled
6  to a 30(b)(6) designee who testifies on behalf of the corporation on these topics. Dkt. Nos. 1; 58-
7  2. Not surprisingly, Defendant cites no authority in support of its position that responses to
8  interrogatories and requests for production obviate the need for a 30(b)(6) deposition. To the
9  contrary, written discovery generally serves to inform the course and scope of deposition
10 testimony, not replace it. This is particularly true where, as here, the inquiring party requests a
11 deposition carefully limited in time and scope. Accordingly, Plaintiff's request for a deposition
12 not to exceed 3 hours of testimony on Topics 16-23 is **GRANTED**. The deposition is to be
13 completed **within 21 days of this Order**.

### 2. Timeliness and Nature of Plaintiff Alfa's Objections to Written Discovery Requests

16       This dispute arises out of Plaintiff Alfa's written discovery responses served more than one
17 year ago in January 2022. Dkt. 58 at 4, 8. Plaintiff's responses were served two days after the
18 deadline, immediately following an inquiry from Defendant TCI's counsel as to the status of the
19 responses. Plaintiff states that the delay was due to calendaring error. The speed with which
20 Plaintiff responded once Defendant brought the deadline to its attention supports Plaintiff's
21 position that the delay was indeed due to a calendaring error. Plaintiff suggests, and Defendant
22 cannot credibly deny, that the two-day delay, which occurred a full year before the close of fact
23 discovery, caused no harm or prejudice to Defendant. A calendaring error, promptly rectified,
24 demonstrates a high probability that the error was in fact excusable neglect. As such, and as
25 demonstrated in numerous opinions from this District (*see* Dkt. 58 at 5), there has been no waiver
26 of the right to object to the written requests, and Defendant's request on this ground is **DENIED**.
27       Defendant also complains that Plaintiff asserted boilerplate objections and gave only
28 conditional responses. Dkt. 58 at 9. However, there is no evidence in the record that in the full

United States District Court
Northern District of California

year since the responses were served, Defendant ever raised these issues with Plaintiff to attempt to resolve them in a substantive manner. Dkt. 58 at 5 and 9. Further, this Court's standing order on civil discovery disputes requires 1) "robust" meet and confer efforts and 2) that the remaining unresolved disputes be set forth with particularity in an accompanying chart. Judge van Keulen's Civil and Discovery Referral Matters Standing Order ¶ 8. Here the dispute chart accompanying the Joint Submission reflects only Plaintiff's issues regarding the 30(b)(6) deposition and is silent as to Defendant's complaints regarding written discovery responses. Dkt. 58-1. The absence of any effort by Defendant to address these complaints over the past year as well as the failure to articulate them clearly and specifically as required by the Court undermines the viability of Defendant's request for relief, which is for these reasons **DENIED**.

Finally, Defendant TCI makes a general complaint that Plaintiff Alfa's discovery responses are incomplete. Dkt. 58 at 10. Again, the absence of any effort by Defendant to meet and confer with Plaintiff in a meaningful and specific manner over the past year, in addition to the failure to identify specific issues, including positions of compromise, in the requisite dispute chart, calls into serious question the viability of Defendant's complaint. In light of these failures, Defendant's request for relief on this ground is **DENIED**.

**SO ORDERED.**

Dated: February 17, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge