UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFA CONSULT SA,<br><br>    Plaintiff,<br><br>v.<br><br>TCI INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 21-cv-00812-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT HAIDER ALA HAMOUDI**<br><br>[Re: ECF No. 76] |

On February 27, 2023, Plaintiff ALFA Consult SA ("Plaintiff" or "Alfa") filed the instant complaint against Defendant TCI International, Inc. ("Defendant" or "TCI"). *See* Amended Complaint ("AC"), ECF No. 68. Trial in this action is scheduled to begin on January 8, 2024. Order Extending Case Deadlines ("Scheduling Order"), ECF No. 73. Pursuant to the Scheduling Order, the parties' deadline to file dispositive motions and *Daubert* motions was May 4, 2023, and the deadline to file motions *in limine* is October 19, 2023. *Id.* On May 4, 2023, Defendant filed the pending motion to exclude the expert opinions, testimony, and report of Haider Ala Hamoudi. *See* Defendant's Notice of Motion and Motion to Exclude Plaintiff's Expert Haider Ala Hamoudi ("Motion"), ECF No. 76.

A *Daubert* motion requests that the district court exercise its role as a gatekeeper when evaluating expert testimony under Federal Rule of Evidence 702 and "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). "Scientific evidence is reliable if the principles and methodology used by an expert are grounded in the methods of science." *Grodzitsky v. Am. Honda Motor Co., Inc.*, 957 F.3d 979, 984 (9th Cir. 2017) (citation omitted); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (clarifying that the district court's gatekeeping

obligation applies not only to scientific testimony but to all expert testimony). "The focus of the district court's analysis must be solely on principles and methodology, not on the conclusions that they generate, and the court's task is to analyze not what the experts say, but what basis they have for saying it." *Id.* at 984–85 (citation and internal quotation marks omitted). The district court considers four narrow questions in a *Daubert* analysis: (1) whether the theory or technique employed by the expert is generally accepted in the scientific community; (2) whether it has been subjected to peer review and publication; (3) whether it can be and has been tested; and (4) whether the known or potential rate of error is acceptable. *Id.* at 985 (citation and quotation marks omitted).

Defendant seeks to exclude Mr. Hamoudi's evidence on four grounds, only one of which is that his "opinions are unreliable and invade the province of the court and the jury by improperly applying the law to the facts of the case and telling the jury which factual and legal conclusions to reach from the evidence." Mot. 1. Upon review, the two vague references to reliability in Defendant's arguments—*i.e.*, that Mr. Hamoudi did not provide a proper basis for three statements in his expert report, *see id.* at 9—do not convert this motion to exclude evidence into a narrower *Daubert* motion. The real thrust of the Motion is that Mr. Hamoudi's evidence is not relevant. *See generally id.* Whether the Court will require the assistance of a foreign law expert is properly addressed at the final pretrial conference.

The Court therefore finds that the Motion is an impermissibly early motion *in limine*, rather than a *Daubert* motion, and hereby denies the Motion as improper. This denial is without prejudice to the Motion being timely refiled as a motion *in limine* of five or fewer pages, as required by Section IV(A)(2) of this Court's standing orders.

**IT IS SO ORDERED.**

Dated: June 20, 2023

_____
BETH LABSON FREEMAN
United States District Judge