UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFA CONSULT SA,<br><br>    Plaintiff,<br><br>v.<br><br>TCI INTERNATIONAL, INC.,<br><br>    Defendant. | Case No.  21-cv-00812-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PARTIES' ADMIN. MOTIONS TO SEAL**<br><br>[Re: ECF Nos. 74, 78, 85, 89] |

Before the Court are (1) Defendant TCI International, Inc.'s ("TCI") administrative motion to consider whether to seal Plaintiff Alfa Consult SA's ("Alfa") materials attached to TCI's motion for summary judgment, ECF No. 74; (2) Alfa's corresponding administrative motion to seal, ECF No. 78 ("Alfa Mot."); (3) Alfa's administrative motion to consider whether to seal TCI's materials attached to and quoted in Alfa's opposition to TCI's summary judgment motion, ECF No. 85; and (4) TCI's corresponding administrative motion to seal, ECF No. 89 ("TCI Mot."). Alfa opposes in part TCI's motion to seal. ECF No. 90. Having reviewed the parties' submissions and applicable sealing law, the Court GRANTS IN PART and DENIES IN PART the administrative motions.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to

motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).

Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as: "to gratify private spite, promote public scandal, circulate libelous statements," *id.*; to "release trade secrets," *id.*; or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598–99). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

In addition, the Local Rules of this Court require that all requests to seal be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a). That is, the sealing motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

## II. DISCUSSION

The Court has reviewed the sealing motions and discusses each in turn.

### A. Alfa's Motion to Seal (ECF No. 78)

Alfa moves to seal in their entirety Exhibits 15 and 32 attached to the Declaration of Gregory Ulmer in Support of TCI's Motion for Summary Judgment. Alfa Mot. 2. Both exhibits are pricing proposals. *Id.* Alfa states that each exhibit contains confidential pricing and business

2

information, including Alfa's "internal pricing structure, products, mark-ups, and sales data," that is kept confidential even within the company. *Id.* at 3–4 (citing Decl. of Oleksiy Gorpinich ¶ 5, ECF No. 78-1). Alfa contends that public disclosure of its pricing information would permit competitors to "unfairly compete with Alfa by using Alfa's mark-ups in their own proposals to obtain bids and projects over Alfa." *Id.* at 4.

The Court finds that Alfa has established compelling reasons to seal information that would reveal its business strategies, including proposal pricing strategies. *See, e.g.*, *In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) (noting "company's confidential profit, cost, and pricing information" may constitute compelling reason to seal if "public disclos[ure] could put the company at a competitive disadvantage") (citing *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013)). The Court further finds that Alfa's sealing requests are narrowly tailored, and therefore ORDERS as follows:

| **Public ECF No. / (Sealed ECF No.)** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 75-15 / (74-3) | Ex. 15 to Ulmer Declaration in Support of TCI's Motion for Summary Judgment (Entire document) | GRANTED. | The document Alfa seeks to seal is a financial pricing proposal consisting of "confidential pricing information," including its "internal pricing structure, products, mark-ups, and sales data." Alfa Mot. 3; Decl. of Oleksiy Gorpinich ¶¶ 5–7. Public disclosure of this document would permit Alfa's competitors to use Alfa's mark-ups in their own proposals as an unfair advantage to obtain bids. Mot. 4; Gorpinich Decl. ¶ 8. |

| **Public ECF No. / (Sealed ECF No.)** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 75-24 / (74-4) | Ex. 32 to Ulmer Declaration in Support of TCI's Motion for Summary Judgment (Entire document) | GRANTED. | The document Alfa seeks to seal is a financial pricing proposal consisting of "confidential pricing information," including its "internal pricing structure, products, mark-ups, and sales data."  Alfa Mot. 3; Decl. of Oleksiy Gorpinich ¶¶ 5–7.  Public disclosure of this document would permit Alfa's competitors to use Alfa's mark-ups in their own proposals as an unfair advantage to obtain bids.  Mot. 4; Gorpinich Decl. ¶ 8. |

### B.     TCI's Motion to Seal (ECF No. 89)

TCI moves to seal in their entirety Exhibits 60 and 63 attached to the Declaration of Catherine S. Owens in Support of Alfa's Opposition to TCI's Motion for Summary Judgment, and to redact portions of Alfa's opposition brief that quote Exhibits 60 and 63.  TCI Mot. 1–2; *see* ECF No. 86; ECF No. 86-4, at 245, 250.  Exhibit 60 is comprised of email correspondence and Exhibit 63 is a pricing memorandum and proposal.  TCI Mot. 1–2.  TCI states that each exhibit contains confidential "competitive pricing and strategy proposals," including TCI's "confidential information and communications regarding pricing strategies, bidding analyses, vendor capability and licensing information related to TCI's tender and ultimate bid submission to supply spectrum monitoring equipment in Iraq to the Communications Media Commission."  *Id.* at 3 (citing Decl. of Ann Ballard-Bustamante ¶ 8, ECF No. 89-2).  TCI contends that public disclosure of its pricing information would allow competitors to access TCI's proprietary pricing metrics, costs, internal processes, and business decisions, and to use that information to gain an unfair advantage on current and future bid submissions.  *Id.*  Alfa opposes TCI's request to seal Exhibit 60 and to redact quotations of the exhibit in Alfa's opposition brief, arguing that the exhibit does not contain confidential pricing and business information and is not narrowly tailored.  ECF No. 90, at 1.

For the same reasons discussed above with respect to Alfa, the Court finds that TCI has established compelling reasons to seal information that would reveal its business strategies,

4

including proposal pricing strategies. *See supra*, at § II.A. However, the sealing requests are not narrowly tailored to shield from public disclosure only confidential competitive information. In particular, Exhibit 60 includes statements that TCI may consider generally sensitive, but which are not "competitive pricing and strategy proposals." TCI Mot. 1; *see Kivett v. Flagstar Bank, FSB*, No. C 18-05131, 2019 WL 13203923, at *1 (N.D. Ca. Nov. 4, 2019) (denying motion to seal document where "[m]uch of the sealed information is not highly sensitive strategic information").

The Court therefore DENIES the pending request to seal Exhibits 60 and 63 in their entirety, and the portions of Alfa's opposition brief citing to or quoting from those exhibits. Should TCI wish to maintain under seal portions of these exhibits and the opposition brief, it may propose narrowly tailored redactions as ordered below.

## III.   ORDER

For the foregoing reasons, the Court ORDERS as follows:

1. Alfa's motion to seal in their entirety Exhibits 15 and 32 to the Declaration of Gregory Ulmer in Support of TCI's Motion for Summary Judgment, ECF Nos. 75-15, 75-24, is GRANTED;
2. TCI's motion to seal in their entirety Exhibits 60 and 63, and the portions of Alfa's summary judgment opposition brief citing these exhibits, is DENIED without prejudice;
3. TCI may submit a further administrative motion to seal containing proposed narrowly tailored redactions to Exhibits 60 and 63 and Alfa's summary judgment opposition brief, to the extent it cites these exhibits, by August 10, 2023;
4. If no proposed redactions are received by 11:59 p.m. on August 10, 2023, the Court will unseal Exhibits 60 and 63 and the opposition brief in their entirety.

**IT IS SO ORDERED.**

Dated: August 3, 2023

BETH LABSON FREEMAN
United States District Judge