UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFA CONSULT SA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TCI INTERNATIONAL, INC.,<br><br>　　　　　Defendant. | Case No.  21-cv-00812-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS *IN LIMINE* FILED BY ALFA CONSULT SA AND TCI INTERNATIONAL, INC.**<br><br>Re: ECF Nos. 109, 110, 111, 112 |

On November 2, 2023, the Court held a pretrial conference in this action, during which it issued oral rulings on Plaintiff Alfa Consult SA's ("Alfa") Motion *in Limine* No. 1 and Defendant TCI International, Inc.'s ("TCI") Motions *in Limine* Nos. 1–3.  The Court here expands upon those oral rulings.

## I.  ALFA'S MOTION *IN LIMINE*

In its sole motion *in limine*, Alfa moves to exclude all evidence of or reference to the proceedings Alfa brought in Iraq to contest the Iraqi Communications Media Commission's ("CMC") award to the Al Zaman Group ("AZG") of a spectrum monitoring system project ("CMC Project").  *See* Alfa MIL 1, at 1, ECF No. 111.  Alfa notes that the Iraqi proceedings at issue include (1) Alfa's formal objection to the CMC's award of the project to AZG; and (2) Alfa's litigation against the CMC in Iraq challenging its award to AZG of the project, which resulted in two judgments by Iraqi courts—including Iraq's highest court—upholding the CMC's decision to exclude Alfa from bidding on the CMC Project.  *See id.*; *see also* Opp'n to Alfa MIL 1, at 2, ECF No. 121.

Alfa argues that the Court should exclude evidence related to the Iraqi proceedings on the grounds that such evidence is not relevant to any issue at trial, *see* Fed. R. Evid. 401; that any

probative value of the evidence is substantially outweighed by the dangers of unfair prejudice to Alfa, confusing the issues, and wasting time, *see id.* at Rule 403; and that any Iraqi court orders, findings, and judgments constitute inadmissible hearsay, *see id.* at Rule 802. *See* Alfa MIL 1, at 3–5. TCI counters that evidence of Alfa's formal objection to the CMC and its unsuccessful litigation against the CMC in Iraq—including the Iraqi courts' judgments upholding the CMC's decision to exclude Alfa—is relevant to the issues of causation and damages; that any prejudicial effect can be reasonably mitigated by the Court; and that the evidence is admissible for the non-hearsay purpose of establishing the legal effect of the Iraqi judgments on Alfa's disqualification from the 2018 CMC Project and Alfa's legal status with the CMC. *See* Opp'n to Alfa MIL 1, at 2–5. The chief item of discussion during oral argument on this motion *in limine* was the admissibility of the Iraqi courts' judgments against Alfa in the Iraqi litigation.

### 1. Relevance

As the Court stated during the parties' oral argument on this motion, the legal effect of the Iraqi courts' judgments on Alfa's ability to be considered as a bidder for the 2018 CMC Project is highly relevant to the elements of causation and damages. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The CMC's decision to disqualify Alfa from the 2018 CMC Project—as upheld by the Iraqi courts—is evidence of an intervening causal event, and is therefore relevant under Rule 401. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993) (noting Rule 401's "liberal" standard for relevance).

### 2. Hearsay

The Court agrees with Alfa that any discussion of the facts and reasoning supporting the Iraqi courts' judgment constitutes inadmissible hearsay. *See United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2017) ("A court judgment is hearsay 'to the extent that it is offered to prove the truth of the matters asserted in the judgment.'") (quoting *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004)). However, TCI asserts that it does not seek to offer the Iraqi judgments for the truth of the matters asserted therein, but rather to establish the legal effect of the judgments. *See* Opp'n to Alfa MIL 1, at 4. The fact of the judgment's existence, not offered for the truth of

the matters asserted within, is not hearsay.  *See* Fed. R. Evid. 801(c)(2).

### 3. Rule 403 Balancing

The Court agrees with Alfa that the Iraqi judgments themselves, if admitted, would be unfairly prejudicial, likely to confuse the jury, and a waste of time, such that these dangers would substantially outweigh the probative value of the judgments.  *See* Fed. R. Evid. 403.  The judgments are multi-page documents containing facts and reasoning that the jury might consider for their truth as evidence in the present case, in spite of any limiting instruction the Court might provide.  *See, e.g.*, *Grace v. Apple, Inc.*, No. 17-cv-00551, 2020 WL 227404, at *2 (N.D. Cal. Jan. 15, 2020) ("Indeed, a 'jury is likely to give a prior verdict against the same defendant more weight than it warrants.  The admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it.'") (citation omitted).  However, evidence of the mere fact of the existence of the Iraqi judgments upholding the CMC's decision to disqualify Alfa from bidding on the 2018 CMC Project is not of the sort that might play on a juror's sympathies or inflame any passions, confuse the issues, waste time, or otherwise tend to have an adverse effect on Alfa beyond tending to prove facts relevant to the issues of causation and damages.  *See, e.g.*, *In re Pac. Fertility Ctr. Litig.*, No. __, 2021 WL 1054374, at *5 (N.D. Cal. Mar. 19, 2021) ("[T]hat evidence is potentially damaging is not itself a basis to exclude it.  Under Federal Rule of Evidence 403, the test is whether it is more prejudicial than probative.") (citations omitted).

### 4. Conclusion

Based on the reasoning above, the Court will grant in part and deny in part Alfa's motion *in limine* to exclude evidence of proceedings it instituted in Iraq related to the CMC's award of the 2018 CMC Project to AZG.  Evidence of the existence of the Iraqi judgments—and potentially the face pages of the judgment documents, depending on their contents—will not be excluded; *i.e.*, the Court will deny the motion with respect to the judgment itself.  The Court will otherwise grant the motion, so that evidence consisting of the text of the Iraqi judgments, for example,  will be excluded. The Court urges the parties to meet and confer and add a stipulated fact regarding this issue.  The Court is additionally happy to consider a limiting instruction proposed by the parties to

3

ameliorate any remaining concerns regarding prejudice.

## II. TCI'S MOTIONS *IN LIMINE*

TCI filed three motions *in limine*. *See* ECF Nos. 109, 110, 112. Alfa opposed all three motions. *See* ECF Nos. 116–18. The Court considers each of TCI's motions in turn.

### A. TCI's Motion *in Limine* No. 1 to Exclude Evidence Concerning Alleged Unlawful Influence

In its first motion *in limine*, TCI moves to exclude certain exhibits included on Alfa's exhibit list—namely, Exhibits 30–32, 34–37, 39–40, 42–43, 45–47, 83–86, 95, 98, and 135—that TCI asserts will be offered in support of the position that TCI and/or AZG allegedly engaged in unlawful influence of the CMC, received confidential information from the CMC, or otherwise engaged in improper conduct to cause Alfa's disqualification or elimination from the 2018 CMC Project or overall blacklisting. *See* TCI MIL 1, at 1, ECF No. 109; Decl. of Gregory C. Ulmer ¶ 2, ECF No. 109-1. TCI argues that the Court granted summary judgment on all of Alfa's claims to the extent they were based on a causation theory of unlawful influence, and that the exhibits at issue (1) are irrelevant to Alfa's remaining claims for breach of contract and breach of the implied covenant of good faith and fair dealing and (2) should be excluded under Rule 403 because the danger of confusing issues, misleading the jury, and causing unfair prejudice to TCI substantially outweighs their probative value. *See* TCI MIL 1, at 2–5. Alfa responds that it has no intention of introducing any evidence in violation of the Court's summary judgment order; that the evidence is relevant to Alfa's claim for breach of the implied covenant of good faith and fair dealing and is not unfairly prejudicial, misleading, or confusing; and that TCI's motion to exclude is premature because it is based on "the false assumption that such exhibits will be introduced for an improper purpose." *See* Opp'n to TCI MIL 1, at 1–5, ECF No. 116.

As the Court noted at oral argument, the same evidence Alfa used in support of its unlawful influence theory may be relevant to its attempt to show that TCI breached the covenant of good faith and fair dealing by engaging in bad faith conduct. Accordingly, the exhibits identified by TCI may be admissible for the limited purpose of establishing bad faith, although they are not admissible to establish unlawful influence. *See* Order Re Summ. J. 24–25, ECF No.

104. The Court is unable to draw the line of admissibility without context for Alfa's submission of the exhibits, and will therefore defer ruling on this motion *in limine* as to each exhibit unless and until the exhibit is offered during trial.

B. **TCI's Motion *in Limine* No. 2 to Exclude the Opinions of Alfa's Expert Haider Ala Hamoudi**

In its second motion *in limine*, TCI moves to exclude the opinions of Alfa's expert, Haider Ala Hamoudi, related to Iraqi public contracting, bidding, and blacklisting laws as irrelevant, prejudicial, misleading, and confusing. *See* TCI MIL 2, at 1, ECF No. 110. TCI states that it anticipates, based on Alfa's proposed jury instructions, that Alfa will use Mr. Hamoudi's opinions to instruct the jury on Iraqi law, and that Mr. Hamoudi's opinions improperly apply the law to the facts. *See id.* at 2–5. Alfa responds that it does not intend to introduce any testimony or opinions from Mr. Hamoudi at trial, and that the jury instruction at issue "is intended to provide the jury helpful context on the procedures for public contracts and blacklisting in Iraq." Opp'n to TCI MIL 2, at 1, ECF No. 117.

Because Alfa does not intend to offer Mr. Hamoudi's testimony or opinion to the jury, there is no evidence for the Court to consider excluding. Whether the Court chooses to consider Mr. Hamoudi's expert report in evaluating a contested jury instruction is not properly the subject of a motion *in limine*. Accordingly, the Court will deny this motion based on the understanding that Alfa does not intend to offer Mr. Hamoudi's testimony or opinion to the jury.

C. **TCI's Motion *in Limine* No. 3 to Exclude Reference to the Absence of Ray Minhas as a Witness at Trial**

Lastly, TCI moves to exclude reference to or an adverse inference from the absence of Ray Minhas—a former TCI employee who was the Regional Director for the Middle East and North Africa at the time of the tender for the 2018 CMC Project—as a trial witness. *See* TCI MIL 3, at 1, ECF No. 112. TCI argues that Mr. Minhas's absence is irrelevant; Alfa cannot meet the requirements for a missing witness instruction; and reference to Mr. Minhas's absence would be unfairly prejudicial to TCI and mislead and confuse the jury. *See id.* at 1–2. Alfa responds that Mr. Minhas played a central role in TCI's decision to team with AZG in bidding for the 2018 CMC Project; that it is proper for Alfa to comment on Mr. Minhas's absence at trial even if the

1  elements for a missing witness inference are not satisfied; and that any such comment would not
2  be unfairly prejudicial to TCI.  *See* Opp'n to TCI MIL 3, at 2–4, ECF No. 118.  Further, Alfa
3  asserted during oral argument that it would not make any reference to Mr. Minhas's absence in its
4  opening statement, and requested that the Court refrain from constraining Alfa's closing argument
5  at this juncture by deferring resolution of this motion *in limine*.  TCI responded that there will be
6  no change in circumstances over time, so that there is no reason for deferral.

It is the Court's understanding that Alfa is not seeking a missing witness instruction, although Alfa states that it does not concede that the elements for such an instruction are not satisfied here.  *See* Opp'n to TCI MIL 3, at 3 n.1.  Rather, the parties' dispute is in essence whether Alfa may make arguments regarding Mr. Minhas's absence during its closing argument.  Alfa's ability to reference Mr. Minhas's absence will depend not only on the Court's resolution of this motion, but also on whether there is enough evidence in the record to support any comment Alfa might make about Mr. Minhas's absence.  It appears that Mr. Minhas's name may appear on various emails that may be introduced at trial, and that evidence may suggest that he had a significant role at the time of the events relevant to Alfa's claims.  *See* Opp'n to TCI MIL 3, at 2 (citing as examples Exhibits 30, 32, 35, and 86).  The Court will accordingly defer ruling on this motion until the parties are prepared to make their closing arguments.

## III.   ORDER

Based on the foregoing, the Court hereby ORDERS as follows:

1. Alfa's Motion *in Limine* No. 1, ECF No. 111, is DENIED IN PART, such that TCI may introduce evidence of the fact of the Iraqi court judgments upholding the CMC's decisions, and potentially the face pages of the judgment documents, and otherwise GRANTED.

2. The Court DEFERS ruling on TCI's Motion *in Limine* No. 1, ECF No. 109, regarding the exclusion of Exhibits 30–32, 34–37, 39–40, 42–43, 45–47, 83–86, 95, 98, and 135, until each exhibit is offered at trial.

3. TCI's Motion *in Limine* No. 2, ECF No. 110, is DENIED based on Alfa's affirmation that it will not seek to introduce Mr. Hamoudi's testimony or opinions

at trial.

4. The Court DEFERS ruling on TCI's Motion *in Limine* No. 3, ECF No. 112, until the parties are prepared to make their closing arguments.

**IT IS SO ORDERED.**

Dated: November 8, 2023

Beth Labson Freeman
United States District Judge